# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROUSSEAU GEDEON,

      Petitioner,

v.                                                                                    No. 26-cv-0962-KWR-LF

WARDEN, Otero County Processing Center,
DIRECTOR, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, U.S. Department
Of Homeland Security; AND U.S. Attorney General,

      Respondents,[1]

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Petitioner is an immigration detainee at the Otero County Processing Center. The Petition alleges he entered the United States in 2022 and was paroled.  Petitioner was detained on February 6, 2026, and immigration officials determined he was subject to a custody redetermination.  An immigration judge conducted a bond hearing but determined Petitioner is a flight risk.  Petitioner disagrees that he is a flight risk and seeks an immediate release from custody.

---

[1] The Clerk's Office shall add/substitute the above-mentioned parties as Respondents in this case.  *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

On this record, Petitioner has not stated a colorable claim for relief under 28 U.S.C. § 2241. The Petition does not show immigration officials improperly classified Petitioner as an arriving alien or failed to provide a bond hearing under 8 U.S.C. § 1226.  Rather, it appears he merely disagrees with the immigration judge's discretionary bond determination.  Such decisions are generally not reviewable in Federal Court.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the … denial of bond or parole.").  "This provision precludes the Court from reviewing the [immigration judge's] decision that denied bond because Petitioner was a flight risk."  *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the [district court] was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework).

Consistent with this authority, the Court declines to order an answer to the current Petition. Petitioner may file an amended petition and provide more information within twenty-one (21) days of entry of this Order.  By the same deadline, Petitioner must pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.  The amended § 2241 petition should include all relevant details about the § 2241 claims and all reasons bond was denied.  The petition should also specify whether Petitioner is now subject to a removal order and whether that order is final.  Petitioner may find it helpful to attach any orders from the Immigration Court, but documentary evidence is

2

not required at this stage.   The failure to timely comply with this Order may result in dismissal of this case without prejudice.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall: (a) file an amended § 2241 petition; and (b) pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*

**IT IS FURTHER ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

**SO ORDERED**.

_____**/S/**_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE